**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| OSBEL GOMEZ VALLE,<br><br>            Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>            Respondent. | Nos.   11-73274<br>            12-71440<br><br>Agency No. A094-833-657<br><br>MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Osbel Gomez Valle, a native and citizen of El Salvador, petitions for review

of the Board of Immigrations Appeals' ("BIA") orders (1) dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT");

and (2) denying his motion to reopen.  Our jurisdiction is governed by 8 U.S.C.

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review questions of law de novo, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014). We review claims of due process violations in immigration proceedings de novo. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We review the agency's factual findings for substantial evidence. *Zehatye v. Gonzales*, 435 F.3d 1182, 1184-85 (9th Cir. 2006). We review the denial of a motion to reopen for an abuse of discretion. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). We dismiss in part and deny in part petition No. 11-73274, and we deny petition No. 12-71440.

We lack jurisdiction to review Gomez Valle's contention as to his political opinion that he raises for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to agency).

Substantial evidence supports the agency's determination that Gomez Valle failed to show that he was eligible for asylum or withholding of removal because he did not establish that young men who have been recruited by gangs in El Salvador but refuse to join constitute a particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131, 1137-38 (9th Cir. 2016) (to demonstrate membership in a particular social group, an applicant must "establish that the group is '(1) composed of members who share a common immutable characteristic, (2) defined

2

with particularity, and (3) socially distinct within the society in question'") (quoting *Matter of M-E-V-G-*, 261 I. & N. Dec. 227, 237 (BIA 2014)).

Substantial evidence supports the agency's denial of CAT relief because Gomez Valle failed to establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not abuse its discretion in denying Gomez Valle's motion to reopen based on new evidence because Gomez Valle failed to establish that the evidence was not previously available or could not have been discovered at the former hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Goel v. Gonzalez*, 490 F.3d 735, 738 (9th Cir. 2007) (holding that, if "the allegedly new information . . . was available or capable of being discovered at [the time of the hearing], it cannot provide a basis for reopening"). We reject Gomez Valle's contention that the IJ violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

We deny Gomez Valle's request, included in his opening brief, for a remand to seek a waiver of unlawful presence for adjustment of status. *See* 8 C.F.R. § 212.7(e)(4)(iv).

Gomez Valle's opposed motion to remand (Docket Entry No. 67) is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice

3

to appear need not include time and date information to vest jurisdiction in the immigration court).

No. 11-73274: **PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

No. 12-71440: **PETITION FOR REVIEW DENIED.**